**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GWENDOLYN CONEY,<br><br>Plaintiff,<br><br>v.<br><br>3M HEALTHCARE US OPCP LLC, et al.,<br><br>Defendants. | CIVIL NO. 3:25-CV-01571<br><br>(MANNION, J.)<br>(LATELLA, M.J.) |

## MEMORANDUM

Plaintiff Gwendolyn Coney filed an employment discrimination action alleging that Defendants 3M Healthcare US OPCO, LLC and Solventum US, LLC discriminated against her on the basis of her race in violation of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act. Several disputes arose during the course of discovery. We held a telephone conference to address the disputes and following that conference, the parties indicated that they were able to resolve two of their three disagreements. However, the parties were unable to resolve a remaining dispute regarding the scope of an interrogatory request involving complaints against certain non-party employees. The parties submitted letter briefing on the issue. For the

reasons set forth herein, we will narrow the scope of Plaintiff's request and direct Defendants to provide responsive information.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her Complaint on August 22, 2025 against Defendants 3M Healthcare US OPCO, LLC and Solventum US, LLC ("Defendants"). (Doc. 1). Plaintiff, who is black, alleges that she was treated differently than similarly situated white employees. She alleges that Defendants discriminated against her on the basis of her race and retaliated against her after she made complaints about the alleged discrimination.

Defendants filed an Answer on November 7, 2025. (Doc. 8). On July 17, 2026, Plaintiff filed a letter to the docket requesting a telephone conference with the Court regarding three discovery disputes. (Doc. 25). First, Plaintiff and Defendant disagreed regarding the number of depositions Plaintiff would be permitted to take; second, the parties disagreed about Plaintiff's request for discovery relating to comparators; and third, the parties disputed the propriety of Defendant's refusal to produce complaints made regarding other employee witnesses. (Doc. 25 at 1-8). Defendants responded on July

28, 2026, filing a letter to the docket. (Doc. 27). This discovery dispute was referred to the undersigned for resolution on July 30, 2026. We conducted a telephonic conference on August 21, 2026.[1] On August 25, 2026, Plaintiff filed a letter to the docket jointly requesting a 30-day extension of the discovery deadline and corresponding extensions for all remaining case management deadlines. (Doc. 30). Plaintiff also indicated that, through the conference and follow-up conversations, the parties were able to resolve two of the three disputes. (*Id.* at 1). Defendants responded to that letter on the same date, expounding on the remaining discovery matter in dispute. (Doc. 31). Defendants explained that the parties continue to disagree about the propriety of Plaintiff's discovery seeking complaints against 22 specified employee witnesses regarding any alleged violation of company policy or procedure. (*Id.*). Plaintiff replied on August 25, 2026, providing an argument as to why she believes she is entitled to the disputed discovery. (Doc. 32). The matter is now ripe for our review.

[1] Plaintiff's arguments advanced during the August 21, 2026 telephone conference will be construed as an oral motion to compel. *See, e.g.*, *Burlington v. News Corporation*, No. 09-1908, 2010 WL 11474545, at *1 n.1 (E.D. Pa. June 7, 2010).

## II. LEGAL STANDARD

### A. Scope of Discovery

The scope of discovery is defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). As a consequence, courts often—and appropriately—apply liberal treatment to discovery rules. *See, e.g.*, *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citing *Great W. Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994)). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Brothers/Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Stabilus v. Haynsworth, Baldwin, Johnson, & Greaves, P.A.*, 144 F.R.D.

258, 265–66 (E.D. Pa. 1992) (when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Callahan v. A.E.V., Inc.*, 947 F. Supp. 175, 177 (W.D. Pa. 1996); *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus*, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or relating to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90–1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991).

It is well-established that rulings concerning the proper scope of discovery and the extent to which discovery may be compelled are within the Court's discretion. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). The court's decision regarding the conduct of discovery, including whether to compel disclosure, will only be disturbed

on a showing of an abuse of discretion. *See Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

**B. Standard for Motion to Compel**

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery, and provides that:

> (a) Motion for an Order Compelling Disclosure or Discovery
> (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery....

Fed. R. Civ. P. 37(a). A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). "The moving party must demonstrate the relevance of the information sought to a particular claim or defense." *See Montanez v. Tritt*, Civ. No. 14-1362, 2016 WL 3035310, at *2 (M.D. Pa. May 26, 2016). "The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." *Id.* (citing *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982)). "Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad,

burdensome, oppressive and irrelevant' will not suffice." *Momah*, 164 F.R.D. at 417 (quoting *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982)). However, once the objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26. *Momah,* 164 F.R.D. at 417. Then, the party opposing discovery must convince the court why discovery should not be had. *Id.* (citing *Amcast Indus. Corp. v. Detrex Corp.,* 138 F.R.D. 115, 118–19 (N.D. Ind. 1991)).

## III. DISCUSSION

The parties' current dispute involves Plaintiff's interrogatory No. 15, which provides:

> Identify – by name, race, job title, date of hire, and if applicable, date of termination and reasons for termination – each and every employee of Defendants, who, at any point in time, made a formal or informal, verbal or written, claim, accusation, charge or complaint, either internally or with a state or federal agency or court, which named, referenced (directly or indirectly) or complained about any of the following individuals: Douglas Jones; Brent Boucher; Michael Lee; Veronica Acurio; Michael DelVacchio; Bryan Hanson; Tammy Gomez; Donna Bennett; Abby Norfleet; Christine Arme; Nara Vanderploeg; Sandra Barquilha; Scott Zeiger; any individual identified by Defendants in response to interrogatories 1, 5 or 9 herein; and

> any individual listed on Defendants' Initial Disclosures. Note: Interrogatory 14 is intended to capture any complaints, regardless of the nature of the complaint. This would include, by way of example only and without limitation, any complaints or allegations of inappropriate conduct or comments, any alleged violation of company policy or procedure, any alleged discrimination, harassment or hostility, any alleged retaliation (for any types of complaints), any alleged wrongful termination, and any other complaints about any of these individuals concerning any type of unprofessional or improper conduct.

(Doc. 31-1 at 4-5).

Defendants objected to this request as "overbroad, unduly burdensome, and disproportionate to the needs of the case." (Doc. 31 at 2). Without waiving its objections, Defendants provided information concerning complaints of race discrimination and retaliation for the period of January 1, 2022 through the present involving the 22 individuals Plaintiff identified.

The parties participated in a telephone conference with the undersigned on August 21, 2026. Following that conference, Plaintiff articulated her request as seeking complaints involving "any alleged violation of company policy or procedure" or "allegations of dishonesty" by any of the 22 identified individuals. (Doc. 31 at 3). Plaintiff agreed

to Defendants' temporal limitation of January 1, 2022 through the present and agreed to remove two individuals from the list of identified employees. (Doc. 32 at 2).

Defendants maintain that discovery in employment matters is limited to the types of claims and type of discrimination alleged in the litigation at issue. (*Id.*). They further claim that Plaintiff's demand exceeds the scope of discovery permitted by Federal Rule of Civil Procedure 26. (*Id.*). They argue that responding to this request would require an "exhaustive review of company records." (*Id.*). They note that they maintain "hundreds of policies, the majority of which have nothing to do with race discrimination or retaliation . . . [including] policies governing expense reimbursement, remote work, sick time, travel, information security, conflicts of interest, use of company property, social media, and countless other operational matters with zero connection to the claims at issue in this litigation." (*Id.*). Thus, they argue that, in the absence of any meaningful limitation, "the Interrogatory invites discovery into a limitless range of collateral matters that are neither relevant nor proportional to the needs of the litigation." (Doc. 31 at 4).

On the other hand, Plaintiff argues that courts are reluctant to impose "unnecessary limitations" for discovery in employment discrimination cases. (Doc. 32 at 3). Plaintiff maintains that she is not seeking the full personnel files for each of the 22 individuals, though she maintains such information would be discoverable. (Doc. 32 at 3-4). Rather, she states that she is only seeking "a highly relevant sliver of the personnel files of indisputably-relevant witnesses: alleged violations of company policy and/or dishonesty." (Doc. 32 at 4). Plaintiff argues:

> If, for instance, relevant decision-makers and human resource representatives have a history of violating company policy and/or engaging in dishonesty, Plaintiff has the right to know – particularly in a case such as this where the Defendant presumably plan to stand up in front of the jury and among other things (a) tout their allegedly-robust and abided-by company policies, and (b) claim their witnesses are truthful, thereby putting both of these topics at issue.

(Doc. 32 at 4).

The information and documents sought by Plaintiff are employment-related personnel records of non-parties. Courts within this Circuit and District have recognized that "[a]lthough personnel files are discoverable, they contain confidential information and discovery of them should be limited." *Harris v. Harley-Davidson Motor*

*Co. Operations*, No. 1:09-CV-1449, 2010 WL 4683776, at *5 (M.D. Pa. Nov. 10, 2010) (citing *Reagan–Touhy v. Walgreen Co.,* 526 F.3d 641, 648 (10th Cir. 2008) ("Personnel files often contain sensitive personal information ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly.... This is not to say personnel files are categorically out-of-bounds."); *Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D. Pa.1994) ("[P]ersonnel files are confidential and discovery should be limited."); *see also Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) ("Personnel files are confidential and discovery should be limited."); *Northern v. City of Philadelphia*, No. CIV. A. 98-6517, 2000 WL 355526, at *3 (E.D. Pa. Apr. 4, 2000) ("Although personnel files are discoverable, they contain confidential information and discovery of them should be limited."). Accordingly, when seeking material from personnel files of non-parties, courts expect "a clear showing of relevance to permit the discovery." *Hashem v. Hunterdon Cnty.*, No. CV158585FLWDEA, 2018 WL 2337145, at *5 (D.N.J. May 23, 2018) (denying request for, *inter alia*, any complaints made against a non-party employee); *see also Ross-Tiggett v. Reed Smith*, LLP, No.

CV 15-8083 (JBS/AMD), 2019 WL 13249702, at *6 (D.N.J. Mar. 26, 2019) (denying request for "discriminator" personnel files).

While we agree that certain information sought by Plaintiff is relevant and properly discoverable, Defendants' arguments that portions of the request are overbroad, unduly burdensome and irrelevant to the general subject matter of the action are well-taken. A response to Plaintiff's request as currently articulated will potentially include private information about "non-parties who have no opportunity to defend themselves or provide context for their records" and "would open those employees to potential censure and embarrassment." *Rosenblit v. City of Philadelphia*, No. CV 20-3121-KSM, 2021 WL 288887, at *6 (E.D. Pa. Jan. 28, 2021) (citing *Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 197 (E.D. Pa. 2001)).

Accordingly, we will limit the request to complaints included in the personnel files of the 22 identified employees regarding violations of company policy involving discrimination, harassment, or bullying. We are unable to conclude that Plaintiff has satisfied her burden of showing the relevance of requested information beyond these limitations. Limiting the scope to information included only within the personnel

files should substantially reduce the burden on Defendants as to the universe in which they must search for relevant and discoverable information. However, we also impose such limitation with the expectation that the most serious and egregious complaints will have been preserved in employees' personnel files. Additionally, we have considered the privacy interests of the non-parties' in their employment records and personnel files and we believe these limitations strike a balance between an effort to capture relevant information without including violations of company procedures and policies that have no bearing on the subject matter of the current litigation.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's oral motion to compel will be granted in part and denied in part. We will narrow the scope of Plaintiff's previously modified Interrogatory No. 15[2] to complaints included in the personnel files of the identified employees regarding

[2] Plaintiff indicated that she agreed to limit the request to complaints involving violations of company policy or procedure, bullying/harassment, and/or allegations of dishonesty from January 1, 2022 through the present excluding witnesses Bryn Hanson and Tammy Gomez. (Doc. 32 at 2).

violations of company policy involving discrimination, harassment, or bullying and direct Defendant to respond to the Interrogatory as narrowed. An Order follows.

**Date: September 1, 2026**

***s/ Leo A. Latella***
**LEO A. LATELLA**
**United States Magistrate Judge**